# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

JARELL D. TERRY                                                              PLAINTIFF
ADC #149998C

V.                         No. 2:20CV00145-BSM-JTR

WILLIAM STRAUGHN,
Assistant Director, ADC, *et al.*                                     DEFENDANTS

## ORDER

Plaintiff Jarell D. Terry ("Terry"), a prisoner in the East Arkansas Maximum Unit of the Arkansas Division of Correction ("ADC"), has filed a *pro se* § 1983 Complaint, Exhibits, Brief, and two Addenda, alleging that Defendants violated his constitutional rights. *Docs. 2, 6, 7, 8, 10, 12 & 13.* He has also filed several Motions. *Docs. 4, 5, 11, 14, 16 & 17.*

### I. Screening[1]

In his papers, Terry alleges that: (1) Defendant Sergeant Ugbaja ("Ugbaja") sexually harassed, threatened, and retaliated against him between March and October 2020; used excessive force against him on May 11, 2020; wrote a false

---

[1]The Prison Litigation Reform Act requires federal courts to screen prisoner complaints and dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). To survive the screening process, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

disciplinary against him in connection with that incident; conspired with others to deny him medical care for over one month for his back injury sustained in the May 11 incident; and subjected him to unconstitutional conditions of confinement on behavioral control from May 11 to June 30, 2020; (2) Defendant Lieutenant Maiden ("Maiden") sexually harassed and retaliated against him between March and June 2020; wrote two false disciplinaries against him; left him in a "hall cage" for five hours on May 10-11, 2020 without a restroom break; conspired with others to deny him medical care for over one month for his back injury sustained in the May 11 incident; and subjected him to unconstitutional conditions of confinement on behavioral control from May 11 to June 30, 2020; (3) Defendants Assistant ADC Director William Straughn ("Straughn") and ADC Director Dexter Payne ("Payne") failed to take any action when Terry notified them of the unconstitutional conduct by Ugbaja and Maiden; and (4) Defendant Nurse Brown ("Brown") conspired with Ugbaja and Maiden to deny him medical attention for his back injury.

The Court concludes, *for screening purposes only*, that Terry has stated plausible First and Eighth Amendment claims against Defendants Ugbaja, Maiden, Straughn, Payne and Brown. Accordingly, service is appropriate.

The Clerk is directed to docket a copy of *Docs. 6, 7, 10, 12 & 13*, together, as Terry's "Amended Complaint." It will be construed with his *pro se* Complaint as constituting his claims in this case. *See Topchian v. JPMorgan Chase Bank, N.A.*,

760 F.3d 843, 849 (8th Cir. 2014) (*pro se* complaint must be "liberally construed" and "*pro se* litigants are held to a lesser pleading standard than other parties"); *Kiir v. N.D. Pub. Health*, 651 F. App'x 567, 568 (8th Cir. 2016) (amendment "intended to supplement, rather than to supplant, the original complaint," should be read together with original complaint).

Terry's Motions for Order and Summons Issuance (*Docs. 5 & 14)* are GRANTED. The Court will order that Terry's Complaint and Amended Complaint be served on all Defendants.

## II. Terry's Pending Motions

### A.   Motion for Emergency Order (*Doc. 4*)

Terry requests an Order directing Defendants to preserve and produce to the Court: (1) two "recorded" phone calls to the PREA hotline on March 28, 2020; and (2) surveillance footage from May 11, 2020, at approximately 4:40 a.m. to 5:00 a.m., from Zone 1 Isolation 2, which is when Terry alleges Defendant Ugbaja used excessive force against him.

This Motion is DENIED in part and GRANTED in part. Because Terry provides no explanation for how the phone calls are relevant to his claims in this case, that request is denied. The Court will, however, direct that Defendants take steps to preserve the May 11, 2020 footage. When the Court issues its Scheduling

Order in this case, the matter will be further addressed and Defendants will be directed to submit the footage to the Court.

### B. Motion for Suppression Hearing *(Doc. 11)*

In this Motion, Terry asserts that Defendants "may be withholding" evidence from him. This Motion is DENIED. As explained in the Court's Initial Order for *Pro Se* Prisoners *(Doc. 3)*, *after Defendants are served and have filed an Answer or Motion to Dismiss*, Terry may mail written discovery requests (such as interrogatories and requests for production of documents) *directly* to Defendants' attorney, without filing them with the Court.. *See* Fed. R. Civ. P. 5, 33, 34 & 36. If, after receiving Defendants' responses, Terry believes Defendants have not fully and properly responded to his discovery requests, he may file a Motion to Compel seeking the Court's intervention. *See* Fed. R. Civ. P. 37.

### C. Motion for Copies *(Doc. 16)*

This Motion is DENIED. The document Terry requests *(Doc. 10)* will be incorporated into his Amended Complaint, as explained above. Terry will be provided a file-marked copy of that Amended Complaint, which will include the exhibits contained in *Doc. 10*.

### D. Motion for Joinder *(Doc. 17)*

Terry seeks to "join" twelve individuals who were "eyewitnesses" to the conduct alleged in his pleadings, or who may have possession of documents or other

4

evidence relevant to his claims. He does not allege claims against these individuals. As explained, Terry may request copies of relevant documents through discovery. If his case proceeds to trial, he will be provided the opportunity to call witnesses.

This Motion is DENIED.

### IV. Conclusion

1. Terry may PROCEED with his First and Eighth Amendment claims against Sergeant Ugbaja, Lieutenant Maiden, Assistant Director William Straughn, ADC Director Dexter Payne, and Nurse Brown.

2. The Clerk is directed to docket a copy of *Docs. 6, 7, 10, 12 & 13*, together, as Terry's "Amended Complaint."

3. Terry's Motions for Order and Summons Issuance (*Docs. 5 & 14*) are GRANTED.

4. The Clerk is directed to prepare a summons for Ugbaja, Maiden, Straughn and Payne. The United States Marshal is directed to serve the summons, Complaint and Brief (*Docs. 2 & 8*), Amended Complaint, and this Order on them, through the ADC Compliance Division, without prepayment of fees and costs or security therefor.

5. The Clerk is directed to prepare a summons for Brown. The United States Marshal is directed to serve the summons, Complaint and Brief (*Docs. 2 &*

*8),* Amended Complaint*,* and this Order, on Brown through the Humphries, Odum & Eubanks law firm without prepayment of fees and costs or security therefor.[2]

6. Terry's Motion for Emergency Order (*Doc. 4)* is GRANTED as to surveillance video footage from May 11, 2020, but DENIED in all other respects. Defendants are directed to take steps to preserve the video footage described in Terry's Motion.

7. Terry's Motion for Suppression Hearing, Motion for Copies and Motion for Joinder (*Docs. 11, 16 & 17)* are DENIED.

DATED this 11th day of December, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2]If any Defendant is no longer employed by the ADC or its health-care provider, the individual responding to service must file a **sealed** statement providing the unserved Defendant's last known private mailing address.